IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAROY LEON JAMAR TAYLOR,

    Plaintiff,

vs.                                                                                                     No. CIV 21-0835 JB/GJF

UNITED STATES MARSHALS OFFICE and
FNU PERRY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Laroy Leon Jamar Taylor's failure to prosecute his Civil Complaint, filed August 26, 2021 (Doc. 1)("Complaint"). In July, 2022, the Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Taylor to provide an updated address after he severed contact with the Court. See Order to Show Cause, filed July 21, 2022 (Doc. 5)("OSC"). Because Taylor has not responded, and having reviewed applicable law and the record, the Court will dismiss the Complaint without prejudice.

## BACKGROUND

Taylor commenced this case on August 26, 2022, while detained at the Cibola County Correctional Center in Milan, New Mexico. See Complaint at 1, 15. He alleges that various State officials committed treason, racketeering, and fraud by failing to provide a surety bond and perfect their oath of office. See Complaint at 1, 3, and 5 (no paragraph numbers given). The Court referred the matter to Magistrate Judge Fouratt for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, entered November 18, 2021 (Doc. 2)("Referral Order"). The Office of the Clerk of the United States

District Court for the District of New Mexico mailed a copy of the Referral Order to Taylor at Cibola Correctional. The United States Postal Service ("USPS") thereafter returned that mailing as undeliverable. See Return Mail Envelope, filed November 2, 2021 (Doc. 3). The Clerk's Office re-mailed the Referral Order to the Federal Correctional Institution Victorville in Adelanto, California ("FCI Victorville"), where Taylor moved after leaving Cibola Correctional, but USPS again returned the mailing as undeliverable. See Return Mail Envelope, filed December 13, 2021 (Doc. 4). The Bureau of Prisons Inmate Locator website reflects FCI Victorville released Taylor from custody on July 19, 2022. See Inmate Locator, https://www.bop.gov/inmateloc/. Taylor did not advise the Court of his new address, as rule 83.6 of the Local Civil Rules of the United States District Court for the District of New Mexico requires. That rule provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses." D.N.M.LR-Civ. 83.6.

By the OSC entered July 21, 2022, Magistrate Judge Fouratt directed Taylor to notify the Clerk of his new address within thirty days of OSC's entry. See OSC at 1. The OSC warns that the failure to comply timely will result in dismissal of this case without further notice. See OSC at 1. Taylor has not provided an updated address by the August 21, 2022, deadline or otherwise responded to the OSC. The USPS again returned the OSC as undeliverable. See Return Mail Envelope, filed July 29, 2022 (Doc. 6). The Court therefore will consider whether to dismiss this matter for lack of prosecution, and for failure to comply with rules and orders.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

Procedure] or a court order." Fed. R. Civ. P. 41(b). See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)).  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious").  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious, 492 F.3d at 1162.  Those criteria include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Nasious, 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204 (quoting Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994))).

Here, Taylor is no longer in custody at his address of record, and he has not provided an updated address as D.N.M.LR-Civ. 83.6 and the OSC require. In light of this failure, the Court dismisses the Complaint pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. The dismissal will be without prejudice, after considering the factors in Nasious, 492 F.3d at 1162.

**IT IS ORDERED** that: (i) Plaintiff Laroy Leon Jamar Taylor's Civil Complaint, filed August 26, 2021 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Laroy Leon Jamar Taylor
Adelanto, California

    *Plaintiff pro se*